IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **AMERIS BANK** <br> **d/b/a US PREMIUM FINANCE,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **DUBAI TRUCK LINES, INC.,** <br> **MCSS TRANSPORTATION, INC.,** <br> **AGAVE TRUCK LINES, INC., AND** <br> **JORGE ARCE, JR.,** <br><br> **Defendants.** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. \_\_\_\_ <br><br><br> JURY TRIAL |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Ameris Bank d/b/a US Premium Finance, Plaintiff, files this Original Petition complaining of Dubai Truck Lines, Inc., MCSS Transportation, Inc., Agave Truck Lines, Inc. and Jorge Arce, Jr., Defendants, and in support would respectfully show as follows:

## I. PARTIES

1.  Plaintiff Ameris Bank d/b/a US Premium Finance ("**USPF**" or "**Plaintiff**") is a state-chartered banking corporation organized under the laws of the State of Georgia, whose main office is located at 3490 Piedmont Road NE, Suite 1550, Atlanta, George, 30305. USPF is a citizen of the State of Georgia.

2.  Defendant Dubai Truck Lines, Inc. ("**Dubai**") is a corporation organized under the laws of the State of Texas with its principal place of business located at 689 Rancho Penitas Road, Laredo, Texas 78045, who may be served with Summons and a copy of Plaintiff's Original

Complaint by serving its registered agent, Jorge Arce, Jr., at its registered office located at 214 Phoenix Palm Drive, Laredo, Texas 78054.  Dubai is a citizen of the State of Texas.

3. Defendant MCSS Transportation, Inc. ("**MCSS**") is a corporation organized under the laws of the State of Texas with its principal place of business located at 3116 San Eduardo Avenue, Laredo, Texas 78040, who may be served with Summons and a copy of Plaintiff's Original Complaint by serving its registered agent, Jorge Arce, Jr., at its registered office located at 3116 San Eduardo Avenue, Laredo, Texas 78040.  MCSS is a citizen of the State of Texas.

4. Defendant Agave Truck Lines, Inc. ("**Agave**") is a corporation organized under the laws of the State of Texas with its principal place of business located at 324 Ladera Drive, Laredo, Texas 78045, who may be served with Summons and a copy of Plaintiff's Original Complaint by serving its registered agent, Jorge Arce, Jr., at its registered office located at 324 Ladera Drive, Laredo, Texas 78045.  Agave is a citizen of the State of Texas

5. Defendant Jorge Arce, Jr. ("**Arce,**" who along with Dubai, MCSS and Agave may be referred to as "**Defendants**") is an individual resident of Webb County, Texas and a citizen of the State of Texas who may be served with Summons and a copy of Plaintiff's Original Complaint by serving him at his residence located at 501 Martens Drive, Laredo, Texas 78041.

## II. JURISDICTION AND VENUE

6. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), (b)(1) and (2) as a substantial part of the events or omissions giving arise to this claim occurred in this district because

Defendants operate in the Southern District of Texas. Further, Arce resides in the Southern District of Texas.

### III. FACTS

8. USPF is a division of a federally regulated bank and duly authorized to finance insurance premiums in the State of Texas. USPF provides financing to secure loans to pay insurance premiums.

9. Upon information and belief, Arce is the sole shareholder of Dubai, MCSS and Agave.

10. On or about June 20, 2023, Dubai entered into a Premium Finance Agreement and Disclosure Statement ("**Finance Agreement**") under which USPF agreed to loan to Dubai a total amount of $1,393,533.87, less a down payment of $131,883.33, plus finance charges, to pay Dubai's insurance premiums. Dubai purchased insurance policies with Southlake Specialty Insurance Co. for cargo coverage, physical damage coverage and commercial auto coverage. Dubai also purchased an insurance policy with Pennsylvania Manufacturers Assoc. Ins. Co. for general liability coverage. Dubai entered into the Finance Agreement with USPF to finance the premiums for these insurance policies. The Finance Agreement contains a power of attorney that enables USPF to cancel any insurance contracts resulting from default in payment.

11. Pursuant to the terms of the Finance Agreement, Dubai agreed to pay a down payment of $131,883.33 and then make ten (10) monthly payments to USPF in the amount of $131,883.33 starting July 21, 2023. Additionally, Dubai agreed to pay USPF's reasonable attorney's fees and other collection costs in the event it breached the Finance Agreement.

12. On July 6, 2023, USPF funded the premium for Dubai's insurance policies in the amount of $1,261,650.54. Dubai failed to deliver the first payment by July 21, 2023. On July 24,

2023, USPF timely provided notice of intent to cancel the insurance policies. On August 4, 2023, after Dubai failed to deliver the first payment, Dubai timely delivered notice of cancelation of the insurance policies to Dubai.

13. Dubai subsequently delivered a payment on August 28, 2023 in the amount of $69,238.75, a payment on September 1, 2023 in the amount of $69,238.75, and a payment on September 7, 2023 in the amount of $ 60,000. However, the insurance policies were not reinstated. Dubai has been credited with these payments.

14. Under the Finance Agreement, Dubai agreed that the money advanced by USPF was only for the premium determined at the time USPF accepted the Finance Agreement. Dubai agreed to pay the insurance company directly for any additional premiums.

15. However, unbeknownst to USPF, after Dubai executed the Finance Agreement, in conspiracy with Arce, MCSS and Agave, Dubai secured an endorsement with the insurer and added approximately 100 trucks to the commercial auto policy with different motor carrier numbers under MCSS and Agave. This endorsement added approximately $1,000,000 in premium to that policy. Despite the obligation to do so, Defendants failed to inform USPF before adding these additional trucks and parties to the insurance coverage. Notably, Defendants failed to pay the insurer for this endorsement.

16. After the policies were cancelled, the insurer informed USPF that there was an unpaid endorsement with no down payment for ninety-nine (99) trucks in the name of either MCSS or Agave. The insurer refused to cancel coverage for these additional trucks apparently owned by MCSS or Agave. Additionally, the insurer refused to deliver the entire return premium for cancellation of the policies, claiming that the insurer was entitled to offset amounts owed for the endorsement by the amount of the returned premium.

17. Dubai breached the Finance Agreement by failing to make the monthly payments when due and failed to pay the total amount owed under the Finance Agreement.

18. On May 7, 2024, USPF sent a written demand letter to Defendants demanding payment of amounts owed under the Agreement. Defendants failed and refused, and continues to fail and refuse, to pay for such amounts owed under the Agreement.

19. As a result of Defendants' conduct, USPF has been damaged in the amount of approximately Two Hundred Forty-Eight Thousand Six Hundred Sixty-Two and 51/100 Dollars ($248,662.51), plus pre-judgment interest, attorney's fees and costs.

### IV. CAUSES OF ACTION

**A.   Breach of Finance Agreement.**

20. USPF had a valid agreement with Dubai under the Finance Agreement. USPF performed under the Finance Agreement by delivering payment to the insurance companies on behalf of Dubai for its insurance premiums. Dubai breached the Agreement by failing to pay USPF as required under the Finance Agreement, including payment of any deficiencies. As a result of Dubai's breach of the Finance Agreement, USPF has been damaged in the amount of approximately Two Hundred Forty-Eight Thousand Six Hundred Sixty-Two and 51/100 Dollars ($248,662.51), plus pre-judgment interest, post-judgment interest, attorney's fees and costs of court.

21. Plaintiff fully performed all of its duties and obligations. All conditions precedent have been performed, have occurred, or have been waived. Plaintiff made demand upon Defendant to pay the debt owed under the Agreements, but Defendant failed and refused to pay same, causing damage to Plaintiff in the amounts set forth above.

**B.     Fraud and Fraud by Non-Disclosure.**

22.     Dubai represented to USPF that the money advanced by USPF was only for the premium determined at the time USPF accepted the Finance Agreement and that Dubai would pay the insurance company directly for any additional premiums. Without any notice to or consent from USPF, Dubai added an endorsement to the commercial auto policy adding approximately 100 trucks that were owned by MCSS or Agave. Dubai's conduct amounted to a false representation to USPF. Dubai made the false representation knowing it was false. Dubai intended that USPF rely on the false representation or had reason to except USPF would act in reliance on the false representation. USPF justifiably relied on Dubai's false representation when it funded Dubai's insurance premiums. Dubai's false representation directly and proximately caused injury to USPF, which resulted in damages to USPF. USPF has been damaged in the amount of approximately Two Hundred Forty-Eight Thousand Six Hundred Sixty-Two and 51/100 Dollars ($248,662.51).

23.     Alternatively, Dubai committed fraud by non-disclosure. Dubai concealed material facts related to USPF's financing Dubai's insurance premiums. Dubai concealed that it requests, sought or secured an endorsement from the insurer for the commercial auto policy to add approximately one hundred (100) trucks owned by MCSS or Agave. Dubai had an obligation to disclose this information to USPF. This information was material because it impacted the return premium to be delivered to USPF upon cancellation of the insurance policies. Dubai knew that USP was not aware of this information and did not have an equal opportunity to discover the truth. Dubai deliberately remained silent and did not disclose the information to USPF. By deliberately remaining silent Dubai intended for USPF to act without the information. USPF justifiably relied on Dubai's deliberate silence. By deliberately remaining silent, Dubai proximately caused injury

to USPF, resulting in damages in the amount approximately Two Hundred Forty-Eight Thousand Six Hundred Sixty-Two and 51/100 Dollars ($248,662.51).

24. Additionally, USPF's injury resulted from Dubai's actual fraud, gross negligence or malice which entitles USPF to exemplary damages under Tex. Civ. Prac. & Rem. Code §41.003(a).

**C.     Aiding & Abetting.**

25. Arce, MCSS and Agave knew that Dubai's conduct constituted a tort against USPF. With the intent to assist Dubai, Arce, MCSS, and Agave substantially assisted and encouraged Dubai in its commission of fraud and fraud by non-disclosure. The assistance and participation of Arce, MCSS and Agave was a substantial factor in causing the tort.

**D.     Concert of Action.**

26. Arce, MCSS and Agave agreed to a course of action to request an endorsement to Dubai's commercial auto policy to add approximately one hundred (100) trucks owned by MCSS or Agave to such policy. Arce, MCSS and Agave agreed to this plan and course of action which was likely to caused damage to USPF. The acts of Arce, MCSS and Agave in carrying out this agreement and course of action with Dubai were intentionally or grossly negligent, and their own acts and the acts of Dubai caused injury to USPF.

27. Plaintiff further alleges that Defendants are jointly and severally liable for the wrongful conduct of Dubai because Dubai, MCSS and Agave are is the alter ego of Arce. In support of this claim, Plaintiff will show that: (1) Arce was the sole shareholder of Dukbai, MCSS and Agave; (2) Arce is the Chief Executive Officer or President of Dubai, MCSS and Agave; (3) Arce operated Dubai, MCSS and Agave for his own personal benefit to avoid personal liability for any obligations incurred in the course of business.

**E.    Conspiracy.**

28.    Arce, MCSS and Agave, in conspiracy with each other and Dubai, agreed to seek and procure an endorsement to Dubai's commercial auto policy adding approximately one hundred (100) trucks owned by MCSS or Agave without notice or consent from USPF.  Arce, MCSS and Agave, in conspiracy with each other and Dubai, acted with intent to harm USPF.  The agreement between Arce, MCSS, Agave and USPF proximately caused injury to USPF.

**F.    Attorney's Fees.**

29.    Plaintiff was required to retain the services of the undersigned law firm in order to prepare and prosecute its claim.  Plaintiff has agreed to pay the undersigned law firm reasonable attorney's fees in connection with the trial and all necessary appeals.  Plaintiff seeks to recover its reasonable and necessary attorney's fees incurred and to be incurred in connection with any trials, hearings, and appeals of this or any other court under the Finance Agreement and Chapter 38 of the Texas Civil Practice & Remedies Code.  Plaintiff hereby sues Defendants, jointly and severally, for all such reasonable attorney's fees.

## V. PRAYER

WHEREFORE, Plaintiff Ameris Bank d/b/a US Premium Finance prays that Defendants Dubai Truck Lines, Inc., MCSS Transportation, Inc., Agave Truck Lines, Inc. and Jorge Arce, Jr. be cited to appear and answer this Petition and that upon final trial or hearing hereof, and a judgment entered against Defendants Dubai Truck Lines, Inc., MCSS Transportation, Inc., Agave Truck Lines, Inc. and Jorge Arce, Jr.as follows:

(1)    for actual damages as prayed for herein;

(2)    for reasonable and necessary attorneys' fees at all levels of the legal process;

(3)    for pre-judgment interest and post-judgment interest as allowed by law; and

(4) for costs of Court and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**SINGER & LEVICK, P.C.**

By: /s/Todd A. Hoodenpyle
Todd A. Hoodenpyle
State Bar No. 00798265
hoodenpyle@singerlevick.com

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

**ATTORNEYS FOR PLAINTIFF**